**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50152 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-03431-BEN-1 |
| v. | |
| CESAR MERCADO-CASTANEDA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted October 15, 2019***

Before:     FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Cesar Mercado-Castaneda appeals from the district court's judgment and

challenges the district court's revocation of supervised release.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mercado-Castaneda contends that the approximately three-month delay

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

between his violation of supervised release and the district court's signing of a petition for warrant was not "reasonably necessary" for purposes of 18 U.S.C. § 3583(i). He argues that, therefore, the district court lacked jurisdiction over his revocation proceedings and violated his right to due process. Reviewing de novo, *see United States v. Morales-Isabarras*, 745 F.3d 398, 401 (9th Cir. 2014), we conclude that it was reasonably necessary for the district court to delay issuance of the warrant until after the resolution of the criminal proceedings that formed the basis of Mercado-Castaneda's supervised release violation. *See id.* at 402 ("[W]hen the outcome of an ongoing criminal proceeding is directly related to the issue of whether the defendant violated a condition of supervised release, it is 'reasonably necessary' to delay proceedings on the supervised release violation pending resolution of the underlying criminal charge."). Mercado-Castaneda has not shown that this delay should be treated differently because it occurred before issuance of the warrant. *See id.* at 401 ("Courts have generally taken a practical approach to the determination of what delays are 'reasonably necessary' for purposes of § 3583(i)."). Accordingly, the district court retained jurisdiction to revoke Mercado-Castaneda's supervised release, *see* 18 U.S.C. § 3583(i), and did not violate Mercado-Castaneda's due process rights.

The parties' joint motion to expedite this appeal is denied as moot.

**AFFIRMED.**

19-50152